1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **Jeniffer Sattar**, **Adriana Aragon, Jazmin Easler,** and **Shannon Rhoads,** individually and all similarly situated individuals,<br><br>                              Plaintiffs,<br><br>                    vs<br><br>**Amazon.com, Inc.,** a Delaware corporation; **Amazon.com Services LLC,** a Delaware limited liability company; **Amazon Logistics, Inc.,** a Delaware corporation; and **Does 1-10,** inclusive,<br><br>                              Defendants. | Case No.  5:23-cv-00086-MEMF-KK<br><br><br>**[DISCOVERY MATTER]**<br>**STIPULATED PROTECTIVE ORDER**<br><span style="color:red">**[NOTE CHANGES BY COURT]**</span> |

1

## I.      PURPOSES AND LIMITATIONS

A.      Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section XIII(C), below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

## II.      GOOD CAUSE STATEMENT

A.      This action is likely to involve trade secrets, proprietary training and policy materials, and confidential employee information for which protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be

2

1    privileged or otherwise protected from disclosure under state or federal statutes, court

2    rules, case decisions, or common law.  Accordingly, to expedite the flow of information,

3    to facilitate the prompt resolution of disputes over confidentiality of discovery materials,

4    to adequately protect information the parties are entitled to keep confidential, to ensure

5    that the parties are permitted reasonable necessary uses of such material in preparation

6    for and in the conduct of trial, to address their handling at the end of the litigation, and

7    serve the ends of justice, a protective order for such information is justified in this

8    matter.  It is the intent of the parties that information will not be designated as

9    confidential for tactical reasons and that nothing be so designated without a good faith

10   belief that it has been maintained in a confidential, non-public manner, and there is good

11   cause why it should not be part of the public record of this case.

12   **III.    DEFINITIONS**

13          A.      <u>Action</u>:  This pending federal lawsuit.

14          B.      <u>Challenging Party</u>:  A Party or Non-Party that challenges the designation

15   of information or items under this Order.

16          C.      <u>"CONFIDENTIAL" Information or Items</u>:  Information (regardless of how

17   it is generated, stored or maintained) or tangible things that qualify for protection under

18   Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause

19   Statement.

20          D.      <u>Counsel</u>:  Outside Counsel of Record and House Counsel (as well as their

21   support staff).

22

ACTIVE 690207130v3

E.   <u>Designating Party</u>:  A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

F.   <u>Disclosure or Discovery Material</u>:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

G.   <u>Expert</u>:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

H.   <u>House Counsel</u>:  Attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

I.   <u>Non-Party</u>:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

J.   <u>Outside Counsel of Record</u>:  Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

K.   <u>Party</u>:  Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

ACTIVE 690207130v3

L.     <u>Producing Party</u>:  A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

M.     <u>Professional Vendors</u>:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

N.     <u>Protected Material</u>:  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

O.     <u>Receiving Party</u>:  A Party that receives Disclosure or Discovery Material from a Producing Party.

**IV.   SCOPE**

A.     The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

B.     Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

**V.    DURATION**

A.     Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the

5

ACTIVE 690207130v3

later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## VI.    DESIGNATING PROTECTED MATERIAL

   A.    Exercise of Restraint and Care in Designating Material for Protection

      1.   Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

      2.   Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

      3.   If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

   B.    Manner and Timing of Designations

1.   Except as otherwise provided in this Order (*see, e.g.*, Section B(2)(b) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

2.   Designation in conformity with this Order requires the following:

a.   For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

b.   A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material.  If only a portion or portions of the material

7

on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

   c. For testimony given in depositions, that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

   d. For information produced in form other than document and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

  C. Inadvertent Failure to Designate

   1. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

  D. Protected Health Information.

   1. Additionally, certain Documents, Testimony, or Information produced in the Proceeding may contain Protected Health Information ("PHI") as defined by HIPAA and the regulations promulgated thereunder at 45 CFR parts 160 and 164. Without limiting the generality of the foregoing, "PHI" includes, but is not limited to, health

8

information, including demographic information, relating to either, (a) the past, present or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify an individual. Pursuant to 45 C.F.R. § 164.512 and subject to the rules of procedure governing this Proceeding and without prejudice to any Parties' objection except as otherwise provided herein, the Parties are authorized to receive, subpoena, transmit, or disclose PHI relevant to the claims at issue in this Proceeding, subject to all terms of this Order.  All PHI disclosed under this Order must be designated as "Confidential."

  E.  Specific Provisions Concerning Disclosure of PHI.

   1.  Upon receipt of any PHI disclosed between the Parties during the course of this Proceeding, the Receiving Party shall take all reasonable measures necessary for protecting the PHI from unauthorized disclosure as required under both state and federal law including, but not limited to, 45 C.F.R. § 164.500, et seq., and any other relevant state or federal law.  Such measures may include filing PHI under seal and/or redacting patient names, dates of birth, Social Security numbers, or other PHI from Documents, Testimony, or Information prior to filing such Documents, Testimony, or Information.

   2.  The parties agree and confirm that they do not intend to publicly disclose PHI even without Confidentiality Designations, and that they will treat any Document, Testimony, or Information containing PHI as "Confidential," regardless of whether it was so designated.  Further, all Parties agree that any production of undesignated PHI shall be deemed inadvertent without need of further showing and shall not constitute or

9

be deemed a waiver or forfeiture of the protections for such information in this Proceeding or in any other federal or state proceeding.  This Section shall be interpreted to provide the maximum protection allowed for individual PHI.  No Party will argue that the mere production of Documents, Testimony, or Information in this Proceeding is itself a waiver of such protections.  In the event any party receives discovery material it reasonably believes includes PHI but which is not designated as "Confidential" it shall promptly notify the producing Party and all other Parties subject to this Order, and treat the material as though it were designated "Confidential."  All Parties subject to this Order shall continue to treat the material as though it were designated "Confidential" for a period of ten (10) days so as to allow the Producing party the opportunity to appropriately designate the material.

       3.  The entry of this Stipulation and Protective Order does not alter, waive, modify, or abridge any right, privilege or protection otherwise available to any Party with respect to the discovery of PHI, including but not limited to any Party's right to object to the production of PHI subject to 42 C.F.R. Part 2.

## VII.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

    A.   Timing of Challenges

      1.   Any party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

    B.   Meet and Confer

      1.   The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq. If the Parties cannot resolve a challenge without court

ACTIVE 690207130v3

intervention, the Designating Party shall serve the Designating Party's portion of a joint stipulation ~~file and serve a motion to retain confidentiality~~ within 35 days of the initial notice of challenge or within 21 days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier, and the Parties shall proceed under Local Rule 37-2. The Designating Party shall choose the earliest hearing date permissible under Local Rule 37-3 that both Parties are available for the motion. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 35 days (or 21 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation.

C.      The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**VIII.  ACCESS TO AND USE OF PROTECTED MATERIAL**

A.      Basic Principles

1.      A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for

prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of Section XIV below.

2.  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

B.    Disclosure of "CONFIDENTIAL" Information or Items

1.   Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

a.      The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

b.      The officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

c.      Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

d.      The Court and its personnel;

e.      Court reporters and their staff;

f.      Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to be Bound" attached as Exhibit A hereto;

g.      The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

h.      During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (i) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound;" and (ii) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound," unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

i.      Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

## IX.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

A.      If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

13

1        1.      Promptly notify in writing the Designating Party.  Such notification

2    shall include a copy of the subpoena or court order;

3        2.      Promptly notify in writing the party who caused the subpoena or

4    order to issue in the other litigation that some or all of the material covered by the

5    subpoena or order is subject to this Protective Order.  Such notification shall include a

6    copy of this Stipulated Protective Order; and

7        3.      Cooperate with respect to all reasonable procedures sought to be

8    pursued by the Designating Party whose Protected Material may be affected.

9        B.      If the Designating Party timely seeks a protective order, the Party served

10   with the subpoena or court order shall not produce any information designated in this

11   action as "CONFIDENTIAL" before a determination by the Court from which the

12   subpoena or order issued, unless the Party has obtained the Designating Party's

13   permission.  The Designating Party shall bear the burden and expense of seeking

14   protection in that court of its confidential material and nothing in these provisions should

15   be construed as authorizing or encouraging a Receiving Party in this Action to disobey a

16   lawful directive from another court.

17   **X.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE**

18          **PRODUCED IN THIS LITIGATION**

19          A.      The terms of this Order are applicable to information produced by a Non-

20   Party in this Action and designated as "CONFIDENTIAL."  Such information produced

21   by Non-Parties in connection with this litigation is protected by the remedies and relief

22

14

provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

B.    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.    Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.    Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.    Make the information requested available for inspection by the Non-Party, if requested.

C.    If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

1

**XI.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

2     A.     If a Receiving Party learns that, by inadvertence or otherwise, it has

3  disclosed Protected Material to any person or in any circumstance not authorized under

4  this Stipulated Protective Order, the Receiving Party must immediately (1) notify in

5  writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to

6  retrieve all unauthorized copies of the Protected Material, (3) inform the person or

7  persons to whom unauthorized disclosures were made of all the terms of this Order, and

8  (4) request such person or persons to execute the "Acknowledgment and Agreement to

9  be Bound" that is attached hereto as Exhibit A.

10  **XII.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**

11  **PROTECTED MATERIAL**

12     A.     Pursuant to Fed. R. Evid. 502(d), a Party's inadvertent disclosure or

13  production of any documents or information in this proceeding shall not, for the

14  purposes of this proceeding or any other proceeding in any other court, constitute a

15  waiver by that Party of the attorney-client privilege or work product protection as

16  applicable to those documents.

17  **XIII.  MISCELLANEOUS**

18     A.     Right to Further Relief

19          1.     Nothing in this Order abridges the right of any person to seek its

20  modification by the Court in the future.

21     B.     Right to Assert Other Objections

22

16

1          1.     By stipulating to the entry of this Protective Order, no Party waives

2  any right it otherwise would have to object to disclosing or producing any information or

3  item on any ground not addressed in this Stipulated Protective Order.  Similarly, no

4  Party waives any right to object on any ground to use in evidence of any of the material

5  covered by this Protective Order.

6        C.     Filing Protected Material

7          1.     A Party that seeks to file under seal any Protected Material must

8  comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal

9  pursuant to a court order authorizing the sealing of the specific Protected Material at

10  issue.  If a Party's request to file Protected Material under seal is denied by the Court,

11  then the Receiving Party may file the information in the public record unless otherwise

12  instructed by the Court.

13  **XIV.  FINAL DISPOSITION**

14        A.     After the final disposition of this Action, as defined in Section V, within

15  sixty (60) days of a written request by the Designating Party, each Receiving Party must

16  return all Protected Material to the Producing Party or destroy such material.  As used in

17  this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

18  summaries, and any other format reproducing or capturing any of the Protected Material.

19  Whether the Protected Material is returned or destroyed, the Receiving Party must

20  submit a written certification to the Producing Party (and, if not the same person or

21  entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category,

22  where appropriate) all the Protected Material that was returned or destroyed and (2)

ACTIVE 690207130v3

affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section V.

B.      Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED: October 11, 2023              **KING & SIEGEL LLP**


                                     By:  */s/ Andrea Obando*
                                          Julian Burns King
                                          Elliot J. Siegel
                                          Margaret R. Wright
                                          Andrea Obando

                                     Attorneys for Plaintiffs and the Putative
                                     Class


DATED: October 11, 2023              **GREENBERG TRAURIG, LLP**


                                     By:  */s/ Henry Stroud*
                                          Jason Burns
                                          Lindsay Hutner
                                          Samuel S. Hyde
                                          Henry Stroud

                                     Attorneys for Defendants

18

1
2

AMAZON.COM, INC., AMAZON COM
SERVICES, LLC, and AMAZON
LOGISTICS, INC.

3

4

5

    Pursuant to Local Civil Rule 5-4.3.4(a)(2)(i), I hereby attest that Henry Stroud, on whose behalf this filing is jointly submitted, has concurred in this filing's content and has authorized me to file this document.

6

*/s/ Andrea Obando*

7

8

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

9

10

Dated: October 11, 2023

11

HONORABLE KENLY KIYA KATO
United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

19

**EXHIBIT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____

_____ [print or type full address], declare under penalty of perjury that I

have read in its entirety and understand the Stipulated Protective Order that was issue by

the United States District Court for the Central District of California on [DATE] in the

case of _____ [insert formal name of the case and the

number and initials assigned to it by the Court].  I agree to comply with and to be bound

by all the terms of this Stipulated Protective Order and I understand and acknowledge

that failure to so comply could expose me to sanctions and punishment in the nature of

contempt.  I solemnly promise that I will not disclose in any manner any information or

item that is subject to this Stipulated Protective Order to any person or entity except in

strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for

the Central District of California for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this

action.  I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number] as

my California agent for service of process in connection with this action or any

proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

20

Printed Name: _____

Signature: _____

ACTIVE 690207130v3